## OPINION TO THE GOVERNOR.

JULY 14, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

July 14, 1961

To His Excellency, John A. Notte, Jr.
    Governor of the State of Rhode Island
        and Providence Plantations

We have received from Your Excellency a request for our written opinion, in accordance with the provisions of section 2 of article XII of amendments to the state constitution, upon the following question:

> "Are the Justices and Clerks of the Superior Court empowered to join persons in marriage on and after September 1, 1961 in the light of the applicable portion of Section 14 of the Family Court Act, i.e., Chapter 73 of the Public Laws which states that 'wherever in Title 15 reference is made to the Superior Court or the Court of Domestic Relations, such reference shall mean and include the Family Court?' "

We assume that by reason of the foregoing statement in such chapter some question has arisen whether the legislature, while vesting the justices of the family court with the power to join persons in marriage, thereby intended also to divest the justices and clerks of the superior court of such power. We are clearly of the opinion that it did not.

From our examination of the family court act as a whole it is apparent that the legislature intended to divest the superior court of all existing jurisdiction over divorces and all matters of domestic relations generally and to vest that jurisdiction exclusively in the family court on and after September 1, 1961. But the power to join persons in marriage is no part of such jurisdiction. It is in no sense judicial. On the contrary it is purely ministerial and not in any manner incidental to the exercise of judicial power. Unless it is expressly conferred by the legislature the justices or clerks of courts do not possess it.

In this state it has been expressly so conferred by G. L. 1956, §15-3-5, upon the justices and clerks of the superior court among others. This being a special power separate and apart and essentially different from the judicial power which the family court act expressly transfers from the superior court to the family court, we would assume that the legislature would have expressly divested the justices and clerks of such power if it intended to exclude them from the further exercise of it after September 1, 1961.

The above-quoted language of chap. 73 which has given rise to the question propounded is wholly lacking in any such express quality. Indeed if that language may be considered as raising any question at all it is solely by implication. And even the implication upon analysis, we think, completely disappears. The legislature was apparently seeking to clothe the justices of the family court not only with the judicial power of the superior court over divorce and domestic relations but also with the ministerial power

set forth in §15-3-5. To do this it was not necessary to divest the superior court of that power and the legislature did not do so.

We are of the opinion that it made its intention clear by providing not that the reference therein to the superior court should cease to apply to that court and be supplanted by the family court but that "such reference shall mean and *include* the family court." (italics ours) P. L. 1961, chap. 73, sec. 14. A contrary construction would have the effect of excluding only the justices and clerks of the superior court from exercising this power and leaving all the justices and clerks of the supreme and district courts, the justices of the police court of Providence and the wardens of New Shoreham to continue to exercise it as heretofore. This would not be a reasonable construction and would certainly be one not at all necessary to give effect to the legislature's intention to *include* the justices and clerks of the family court among those authorized to join persons in marriage.

For the foregoing reasons we answer Your Excellency's question in the affirmative, that is, the justices and clerks of the superior court on and after September 1, 1961 will retain the power expressly conferred on them by G. L. 1956, §15-3-5.

FRANCIS B. CONDON
THOMAS H. ROBERTS
THOMAS J. PAOLINO
WILLIAM E. POWERS
G. FREDERICK FROST